

## U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 12, 2012

Peter V. Bellotti, Esq.
Bellotti Law Group, P.C.
25 Thorndike St.
Cambridge, MA 02141

Peter Charles Horstmann, Esq.
Partridge, Anker & Horstmann, LLP
200 Berkeley St., 16th floor
Boston, MA 02116

Re: U.S. v. Stephen W. Smith

Dear Counsel:

This letter sets forth the Agreement between the United States Department of Justice, Criminal Division, Public Integrity Section, and the United States Attorney for the District of Massachusetts (collectively "the Government") and your client, Stephen W. Smith ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with two counts of 18 U.S.C. §242- Deprivation of Rights Under Color of Law. Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Two of the Information, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count of the Information: incarceration for a period of one year; supervised release for a period of one year; a fine of $100,000; and a mandatory special assessment of $50.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(i)      in accordance with USSG §2H2.1(a)(2), Defendant's base offense level is 12, because Defendant used forgery and fraud to commit the offense charged;

(ii)     in accordance with USSG §3B1.1(a), Defendant's offense level is increased by 4 levels because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive;

(iii)    in accordance with USSG §3B1.3, Defendant's offense level is increased by 2 levels because he abused a position of public trust, for an Adjusted Offense Level of 18;

(iv)     in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the Government at this time, the Government agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level, for a Total Offense Level of 15; and

(v)      that there is a basis for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a), provided that Defendant complies with all terms of this Agreement, including fully accepting responsibility for the crimes charged in the Information as specified in paragraph 1 of this Agreement.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the Government and its experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the Government forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the Government and its agents (including medical

2

personnel of the Bureau of Prisons), as well as experts retained by the Government. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the Government (including medical personnel of the Bureau of Prisons).

The Government specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit his conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (d) Fails to provide truthful information about his financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

- (g) Intentionally fails to appear in Court or violates any condition of release;

- (h) Commits a crime;

- (i) Transfers any asset protected under any provision of this Agreement; or

- (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

## Sentence Recommendation

The Government agrees to recommend the following sentence before the Court:

(a)     incarceration for a period of six (6) months;

(b)     a fine within the Sentencing Guideline range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     12 months of supervised release; and

(d)     a mandatory special assessment in the amount of $100.

Defendant remains free to argue for whatever sentence he deems appropriate.

Defendant further agrees that he will resign his position as State Representative effective January 1, 2013 and that he will not seek any elective office for a period of five (5) years from the date of Defendant's sentencing.

Defendant agrees that he will provide to the Government expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the Government at least twenty-one days before sentencing shall be deemed waived.

4.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

4

5. Waiver of Rights to Appeal and to Bring Collateral Challenge

   (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

   (b) Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

   (c) Defendant agrees that he will not file a direct appeal nor collaterally challenge any sentence of imprisonment of 24 months or less or any orders relating to supervised release, fines, forfeiture and restitution. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

   (d) This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the Government has retained all appeal rights.

   (e) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

6. Other Post-sentence Events

   (a) In the event that, notwithstanding the waiver provision of Paragraph 6(c), Defendant appeals or collaterally challenges his sentence, the Government reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 6).

(b) If, notwithstanding the waiver provision of Paragraph 6(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

(c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the Government reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the Government at Defendant's initial sentencing pursuant to this Agreement.

## 7. Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the Government, the Government reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

## 8. Civil Liability

By entering into this Agreement, the Government does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

9. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the Government.

10. Breach of Agreement

If the Government determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the Government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The Government may also pursue all remedies available to it under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Further, the Government may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the Government will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

11. Who Is Bound By Agreement

This Agreement is limited to the Government, as defined in the opening paragraph of this Agreement, and cannot and does not bind any other component of the United States Department of Justice, or any other federal, state or local prosecutive authorities.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

<u>Sentence Recommendation</u>

The Government agrees to recommend the following sentence before the Court:

      (a)     incarceration for a period of six (6) months;

      (b)     a fine within the Sentencing Guideline range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

      (c)     12 months of supervised release; and

      (d)     a mandatory special assessment in the amount of $100.

Defendant remains free to argue for whatever sentence he deems appropriate.

Defendant further agrees that he will resign his position as State Representative effective January 1, 2013 and that he will not seek any elective office for a period of five (5) years from the date of Defendant's sentencing.

Defendant agrees that he will provide to the Government expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the Government at least twenty-one days before sentencing shall be deemed waived.

4.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Stephen W. Smith
Defendant

Date:_____

I certify that Stephen J. Smith has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Peter V. Bellotti, Esq.
Peter Charles Horstmann, Esq.
Attorneys for Defendant

Date:_____

12. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the Government and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eugenia M. Carris.

Very truly yours,

LANNY A. BREUR
Assistant Attorney General

By: _____
JACK SMITH
Chief, Public Integrity Section

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Deputy Chief, Criminal Division

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Stephen W. Smith
Defendant

Date: 12 18 12

I certify that Stephen J. Smith has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Peter V. Bellotti, Esq.
Peter Charles Horstmann, Esq.
Attorneys for Defendant

Date: 12/18/12

9